**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-10527

ENRIQUE MANZANO BORROTO,

Plaintiff-Appellant,

VERSUS

JAMES R. WILSON, JR., ET AL,

Defendants,

JAMES R. WILSON, JR., KEVIN CAMPBELL,
CITY OF DALLAS,

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas,
Dallas Division
(3:92-CV-2102-X)

February 18, 1998

Before REYNALDO G. GARZA, DUHE, and STEWART, CIRCUIT JUDGES.

PER CURIAM:[*]

The case before us is an appeal from a decision of the
United States District Court for the Northern District of Texas,
Dallas Division, the Honorable Joe Kendall, presiding.  In this
case, the Plaintiff-Appellant, Enrique Manzano Borroto
("Borroto"), Texas state prisoner number 611806, filed a civil

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rights complaint against the Dallas Police Department (the City of Dallas later replaced the Dallas Police Department as a defendant), James R. Wilson, Jr. ("Wilson"), and Kevin Campbell ("Campbell")(collectively, "the Defendants").  At the time of the incident in question, Wilson and Campbell were police officers in Dallas.  The Defendants prevailed at the district court level, and Borroto now appeals.

## Background

Borroto filed this lawsuit in the United States District Court for the Northern District of Texas, Dallas Division, on October 9, 1992, as a result of allegations Borroto made regarding his arrest by the Dallas Police Department on October 14, 1991.  Borroto alleges that his civil rights were violated because officers Wilson and Campbell lacked probable cause to arrest him and used excessive force to effect the arrest.

Borroto filed suit against Wilson, Campbell, and the Dallas Police Department under 42 U.S.C. §1983.  This *pro se* civil rights complaint was filed on October 9, 1992.  On November 4, 1992, the district court adopted the findings and conclusions of the magistrate judge, ordered that Borroto's complaint be construed as a writ of habeas corpus, and entered judgment dismissing the case for failure to exhaust state remedies. Borroto appealed, and this circuit vacated the district court's

judgment on March 18, 1993.[1]  Borroto's case was remanded for further proceedings regarding only Borroto's excessive force claims.

On December 21, 1993, the district court issued summons for Wilson, Campbell, and the Dallas Police Department.  Campbell and the Dallas Police Department, after some legal maneuvering, answered in this action.  Wilson did not answer and was dismissed from this case because he moved out of state.

On June 7, 1994, Borroto moved for leave to amend his complaint and add the City of Dallas a defendant in this case (replacing the Dallas Police Department), and this motion was granted.  The amended complaint was filed on September 9, 1994. In April of 1995, the district court ordered the US Marshal's Service to serve the summons and the amended complaint upon all Defendants.  The City of Dallas was served, and the summons for Wilson and Campbell were returned unexecuted.  During this time, Borroto moved for appointment of counsel, and was denied.  He also filed various discovery requests and requests for issuance of subpoenas, which were also denied.  The district court subsequently dismissed Wilson and Campbell as defendants, and entered summary judgment in favor of the City of Dallas on May 21, 1996.  Borroto timely appealed, and the matter now lies before this panel.

_____

[1]*Borroto v. Wilson, et al*, 988 F.2d 1213 (5th Cir. 1993)(unpublished opinion)(hereinafter *Borroto I*).

3

## Standard of Review

The appropriate standard of review for the dismissal of Wilson and Campbell as parties is for abuse of discretion. Fed.R.Civ.P. 4; *see also Rochon v. Dawson*, 828 F.2d 1107, 1109 (5th Cir. 1987).

This court reviews the grant of summary judgment *de novo*. *Texas Medical Ass'n. v. Aetna Life Ins. Co.*, 80 F.3d 153, 156 (5th Cir. 1996). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). We examine the evidence in the light most favorable to the non-movant. *Abbott v. Equity Group, Inc.*, 2 F.3d 613, 619 (5th Cir. 1993).

## Analysis

First of all, it should be noted that this circuit has jurisdiction over this case. The Defendants claimed that this court did not have jurisdiction because Borroto filed his appeal before the final judgment was filed. The prematurity of the notices of appeal does not deprive this court of jurisdiction. The defect was cured by the entry of a final order by the district court, and Borroto adequately identified the order which

4

he wished to appeal. *See Simmons v. Willcox*, 911 F.2d 1077, 1080 (5th Cir. 1990).

Borroto claims that Judge Kendall erred in denying his request for assistance of counsel. There is no absolute right to appointment of counsel in a civil rights case. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1992). The district court should consider whether the indigent is capable of adequately presenting and investigating the case, whether the evidence was of such complexity as to require skill in presenting evidence and cross-examination, whether appointment of counsel would assist in sharpening the issues of the case, and the general size and complexity of the case. *Id*. at 213. Apparently, Judge Kendall believed that Borroto could handle himself quite well in this case, and that Borroto competently presented documents, filed motions, and submitted briefs. We find no reversible error in this decision, and affirm on this point.

The next issue is whether Campbell was properly served. We already ordered that this case go forward on the excessive force claims in *Borroto I*. Campbell and the Dallas Police Department were appropriately served with the original summons and complaint. Borroto amended his complaint to include the City of Dallas rather than the Dallas Police Department, and the US Marshal's Office was ordered to serve the amended complaints.

The amended summons for the officers were returned unserved, and the case against the two officers was dismissed.  We hold that this was reversible error with regard to Campbell.  Although Campbell had been properly served with the original complaint, failure to serve him with the amended complaint was a violation of F.R.Civ.P. 5(a).  The language of Rule 5 is mandatory;[2] the Rule, however, does not speak of a remedy.  While recognizing a district court's broad discretion in determining whether to dismiss an action for failure of service,[3] we find that the district court here abused its discretion by imposing the harsh sanction of Campbell's dismissal.

Here, Borroto, a *pro se* plaintiff, amended his original complaint to change one defendant, but added no new claims against the other defendant, Campbell.  Given service on him of the original complaint, Campbell was fully aware that he was a party to the suit.  Finally, Campbell can show no prejudice resulting from Borroto's failure to serve him with the amended complaint.  A basic theory of Rule 5 is that service of subsequent pleadings will expedite the proceedings while at the same time "constitut[ing] sufficient notice to the party to

---

[2] "...every pleading subsequent to the original complaint ... *shall* be served upon each of the parties."  (emphasis added).

[3] *See, e.g., George v. United States Dept. of Labor, O.S.H.A.*, 788 F.2d 1115, 1116 (5th Cir. 1986).

6

comply with the requirements of due process."[4]  That, together with the specific facts presented, convinces us that the district judge abused his discretion by dismissing Campbell.  We reverse and remand on this issue, and hold that trial should proceed against Campbell on Borroto's excessive force claim.

The last issue is whether summary judgment was appropriate in favor of the City of Dallas.  The general rule is that a local government can be liable under §1983 for the unconstitutional acts of its employees.  *Monell v. Dept. of Soc. Servs. of the City of New York*, 436 U.S. 658, 690-691 (1978); *see also Flores v. Cameron County*, 92 F.3d 258, 263 (5th Cir. 1996).  A city can be liable under §1983 if its official policy or custom deprives a person of a federally protected right, though it cannot be held liable under respondeat superior.  *Monell*, 436 U.S. at 694.  A persistent and widespread custom of employees which is common and well-settled, even if not explicitly authorized, can constitute a city policy for the purposes of liability.  *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984).  The burden of proof is upon the plaintiff to identify the policy, connect the policy to the city, and show how he was harmed by the policy.  *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984).

We hold that the district court erred in granting summary

---

[4]Wright & Miller, *Federal Practice and Procedure* §1146, at 424-425 (1987).

7

judgment for the City of Dallas.  We are not stating that bare allegations are enough to survive summary judgment, or that restrictions on the breadth of a plaintiff's discovery requests (such as those which occurred in this case) can create a general basis for overcoming summary judgment.  This case should not be cited for any such proposition.  We merely hold that in this case, Borroto should have his day in court.  It would be both unfair and illogical to limit his case merely to a cause of action against Campbell, and to state that Borroto did not have enough evidence to survive summary judgment when the court's rulings, coupled with his status as a prisoner, made it rather difficult for him to conduct an investigation.  This conclusion is based on the specific facts of this case, and should not be cited as precedent otherwise.

## Conclusion

We hold that Campbell was appropriately served and that Borroto proved enough to survive summary judgment.  Accordingly, we REVERSE AND REMAND for trial on the issue of excessive force against these two defendants.  However, we AFFIRM the decision of the district court to dismiss Wilson as a party and its decision not to appoint counsel for Borroto.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.